# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Scott D. Louderback,

    Plaintiff,

v.

Case No. 2:13-cv-724

Commissioner of Social Security,

Judge Michael H. Watson.

    Defendant.

## OPINION AND ORDER

Plaintiff objects to the Report and Recommendation ("R&R") issued by Magistrate Judge Kemp in this social security case. For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R.

Scott D. Louderback ("Plaintiff") applied for Social Security Disability benefits and Supplemental Security Income on October 27, 2009. The application was denied initially and upon reconsideration. Plaintiff attended a hearing before an Administrative Law Judge ("ALJ") on February 13, 2012, and the ALJ determined Plaintiff was not disabled in a subsequent decision. Plaintiff requested review of the hearing decision with the Appeals Council, which affirmed the ALJ's decision without substantive comment. Plaintiff filed suit in this Court on July 23, 2013, and Magistrate Judge Kemp thereafter issued an R&R that recommends overruling Plaintiff's statement of errors and entering judgment for Defendant. R&R 11, ECF No. 20.

## I.    STANDARD OF REVIEW

Magistrate Judge Kemp issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II.    ANALYSIS

Plaintiff makes the following timely objections: (1) the Magistrate Judge erred in finding that the ALJ accorded appropriate weight to the opinion of Plaintiff's treating physician, Dr. Velury; (2) the Magistrate Judge erred in finding Plaintiff did not attack the ALJ's explanation given for discrediting Dr. Velury's opinion; (3) the Magistrate Judge failed to recognize the appropriate legal standard for the treating physician analysis; (4) the Magistrate Judge failed to consider Plaintiff's work limitations and overemphasized Plaintiff's part time work; (5) the Magistrate Judge erred in finding Plaintiff did not specify a more restrictive residual functional capacity ("RFC"); (6) the Magistrate Judge erred in finding substantive evidence supported the ALJ's RFC determination; (7) the Magistrate Judge improperly considered the ALJ's mischaracterization of Plaintiff's activities of daily living ("ADLs"); and (8) the Magistrate Judge did not specifically analyze two of Plaintiff's assertions of harmful error. The Court considers each objection in turn.

## I. Objections 1, 2, and 3

Plaintiff's first three objections concern the ALJ's application of the treating physician rule, and the Court will therefore consider the objections together.

In objection #2, Plaintiff contends the Magistrate Judge incorrectly found that Plaintiff did not argue that the ALJ failed to provide an adequate explanation for his findings concerning Dr. Velury's opinion. Obj. 4, ECF No. 21.

An ALJ must provide good reasons for the weight given a treating doctor's opinion, which means the decision denying benefits must make clear the weight the ALJ gave the treating source's opinion and the reasons for that weight. Section 416.927(c)(2); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

Plaintiff asserts he did make such an argument, and he refers to the portion in his statement of errors wherein he recites the law requiring a decision denying benefits to contain specific reasons for the weight given the treating source's medical opinion. Plaintiff contends he argued both that the ALJ provided no good reason to support his finding and that the ALJ's reasoning is not adequate.[1] Obj. 4, ECF No. 21.

The Court has reviewed both Plaintiff's statement of specific errors and the R&R and finds the Magistrate Judge did not err on this point. In his statement of

---

[1] This statement itself highlights the inconsistency in Plaintiff's argument as Plaintiff could not argue the ALJ's reasoning was inadequate if the ALJ failed to provide reasoning.

specific errors, Plaintiff argued the ALJ erred in failing to give either controlling or great weight to Dr. Velury's opinion.[2] Stmt. Errors 9, 15, ECF No. 14 ("Because the ALJ failed to accord controlling or great weight to Dr. Velury's opinion, he committed reversible error."). Plaintiff did not argue that the ALJ failed to give good reasons, i.e., he did not argue that the ALJ failed to give reasons that are sufficiently specific to make clear to any subsequent reviewers both the weight the ALJ gave to Dr. Velury's opinion and the reasons for that weight. Rather, Plaintiff argued the reasons cited by the ALJ for not giving significant weight to Dr. Velury's opinion were not supported by the record. Stmt. Errors 11–12, ECF No. 14 (arguing Dr. Velury's opinion was not inconsistent with Plaintiff's pattern of treatment or ADLs). Thus, the Magistrate Judge did not err in characterizing Plaintiff's statement of error as an attack on the supportability of the ALJ's explanations rather than a failure of the ALJ to provide an explanation. Objection #2 is overruled.

In objection #3, Plaintiff contends the Magistrate Judge erred in framing the issue on appeal as "whether the reasons [the ALJ] gave . . . [for failing to accord significant weight to a portion of Dr. Velury's opinion] are the types of reasons which can legitimately be cited in support of a decision not to give

---

[2] Although the Court refers to "Dr. Velury's opinion," it is important to note the ALJ did give great weight to portions of Dr. Velury's opinion. Specifically, the ALJ gave great weight to Dr. Velury's opinion that Plaintiff could lift and carry up to ten pounds, walk up to one block at a time, and handle a low stress job. ALJ Dec. 8, PAGEID # 71, ECF No. 11-2. The ALJ failed to give significant weight only to the portions of Dr. Velury's opinion wherein he opined Plaintiff could sit only for one hour at a time, stand for forty-five minutes at a time, and must elevate his feet for 75% of an eight-hour workday. *Id.* It is this portion the Court refers to as "Dr. Velury's opinion."

controlling or great weight to a treating source." Obj. 5, ECF No. 21 (citing R&R 9, ECF No. 20). Rather, Plaintiff contends the issues are whether the ALJ properly analyzed Dr. Velury's opinion, whether the treating physician rule applies, and if not, whether great weight is appropriate. *Id.* at 5.

The Magistrate Judge did not improperly frame the issue. Because Plaintiff did not argue that the ALJ failed to specify the weight accorded to Dr. Velury's opinion and the reasons for assigning that weight, *see above*, the issue was whether the ALJ's assignment of great weight to a portion of Dr. Velury's opinion but not significant weight to another portion satisfied the treating physician rule.

The Magistrate Judge determined both whether the reasons cited by the ALJ are valid reasons for rejecting a treating source's opinion and whether those reasons were supported by the record. R&R 10, ECF No. 20. Thus, the Magistrate Judge considered whether the ALJ properly analyzed Dr. Velury's opinion and whether the treating physician rule applied. Although Plaintiff frames the issue as also including a determination about whether the record supports assigning great weight to Dr. Velury's opinion, Obj. 5, ECF No. 21, that is not the inquiry. Pursuant to 42 U.S.C. § 405(g), judicial review is limited to determining whether the ALJ's findings are supported by substantial evidence and employed the proper legal standards. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.* (internal quotation marks and citations omitted). Thus, Plaintiff is incorrect to argue the issue is whether it is appropriate to accord great weight to Dr. Velury's opinion—at issue on appeal is whether substantial evidence supported the decision *not* to give significant weight to the opinion. Objection #3 is overruled, and the Court will proceed to the heart of the first three objections.

Objection #1 focuses on the Magistrate Judge's conclusion that the ALJ's decision to not give Dr. Velury's opinion either controlling or great weight was based on valid reasons and was supported by substantial evidence. Plaintiff disagrees and argues the ALJ erred by failing to give Dr. Velury's opinion either controlling or great weight. Importantly, Plaintiff concedes that the reasons the ALJ cited for failing to give significant weight to Dr. Velury's opinion—being inconsistent with Plaintiff's pattern of treatment and ADLs—are valid. Plaintiff contends, however, that there is not substantial evidence in the record to support those reasons.

Plaintiff argues Dr. Velury's opinion is not inconsistent with his pattern of treatment because Plaintiff has had a pacemaker, two heart catheterizations, and prescription medication. The record evidence Plaintiff cites to shows merely that the procedures were performed; the records do not contain any limitations, let alone a recommendation that he sit for no more than one hour at a time, stand for forty-five minutes at a time, and must elevate his legs for 75% of an eight-hour workday because of the procedures. Ex. 4F, PAGEID ## 332–33, 328–29,

375–76, ECF No. 11-7, Ex. 12F, PAGEID ## 586–87, ECF No. 11-9. In fact, the recommendations in the cited records are merely that Plaintiff return for a follow-up visit, continue medical therapy, and take prescription medicine, in that order. *Id.* at PAGEID ## 333, 586, 329. "[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability." *Longworth*, 402 F.3d at 596 (quoting *Maher v. Sec'y of Health and Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989)). Thus, Dr. Velury's later opinion containing severe limitations was inconsistent with these records.

Plaintiff next argues Dr. Velury's opinion was not inconsistent with certain exhibits cited by the ALJ. Plaintiff contends those exhibits do not support the ALJ's finding of an inconsistency because those reports are unrelated to Plaintiff's cardiac impairment. Plaintiff's argument is unconvincing because the ALJ did not cite those exhibits to support his conclusion that Dr. Velury's opinion was inconsistent with the pattern of treatment. Rather, the ALJ discussed those exhibits when explaining how the medical evidence failed to support Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms. ALJ Dec. 6–7, PAGEID ## 69–70, ECF No. 11-2 (explaining that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms are unsupported by the medical evidence (including the exhibits cited), inconsistent with Plaintiff's ADLs, and inconsistent with opinion evidence).

The inconsistency noted by the ALJ with respect to Dr. Velury is that throughout the course of treatment, Dr. Velury never made a limitation on

Plaintiff's ability to sit, stand, or require Plaintiff to elevate his feet and yet placed those limitations in his later opinion. ALJ Dec. 8, PAGEID # 71, ECF No. 11-2. Thus, it is irrelevant that certain exhibits cited by the ALJ five paragraphs prior to his discussion of Dr. Velury's opinion relate to medical impairments other than Plaintiff's cardiac issues. Further, even though some of those exhibits corroborate Plaintiff's complaints of chest pain and shortness of breath, Plaintiff does not argue that those exhibits, or any exhibits, contain the types of limitations ultimately contained in Dr. Velury's opinion.

There is thus substantial evidence to support the ALJ's conclusion that Dr. Velury's opinion was inconsistent with Plaintiff's pattern of treatment, and Plaintiff does not contest the ALJ's additional conclusion that Dr. Velury's opinion is inconsistent with Plaintiff's own reported ADLs. ALJ Dec. 8, PAGEID # 71, ECF No. 11-2.

Plaintiff's remaining arguments as to the treating physician opinion analysis are meritless. Plaintiff argues the Magistrate Judge failed to address the fact that the ALJ should have granted Dr. Velury's opinion controlling weight under the treating physician analysis. Obj. 3, ECF No. 21. The Magistrate Judge did not fail to address this contention. At pages nine and ten of the R&R, the Magistrate Judge noted that the reasons given by the ALJ are valid reasons for rejecting a treating source opinion, and the Magistrate Judge concluded the ALJ's reasons were supported by the record. The Magistrate Judge therefore addressed this contention, and given the Court's *de novo* review of the

correctness of the ALJ's finding of inconsistency between Dr. Velury's opinion and Plaintiff's pattern of treatment, any failure of the Magistrate Judge to consider that specific issue at length is moot.

Last, Plaintiff argues in a footnote that neither the ALJ nor the Magistrate Judge considered the 20 C.F.R. § 416.927(c) factors when determining what weight to assign Dr. Velury's opinion and that the case should be remanded for the ALJ to consider the C.F.R. factors. Obj. 3, n.1, ECF No. 21. Plaintiff did not argue in his statement of specific errors that the ALJ procedurally erred in failing to consider the C.F.R. factors. Rather, Plaintiff argued only that the ALJ's ultimate determination not to give great weight to Dr. Velury's opinion was reversible error. For the reasons stated above and in the R&R, the Court finds substantial evidence supported the ALJ's decision to decline to give significant or great weight to Dr. Velury's opinion. The Court therefore overrules objection #1.

## II.   Objections 4, 5, 6, and 7

Objections 4, 5, 6, and 7 relate to the ALJ's RFC determination, and the Court considers them together.

In objection #5, Plaintiff argues the Magistrate Judge erred in finding Plaintiff failed to specify a more restrictive RFC. He refers to page ten of the R&R which states:

> Plaintiff's other argument is that the ALJ's residual functional capacity finding is not supported by substantial evidence. That is so, Plaintiff contends, because the medical evidence supports a more restrictive residual functional capacity (although he does not specify what that capacity is) . . . .

R&R 10, ECF No. 20.

The Court has reviewed Plaintiff's statement of specific errors and agrees that Plaintiff asked only for a "more restrictive RFC," failing to specify what additional restrictions he believes the RFC should include. Stmt. Errors 15–18, ECF No. 14. Even in his objections, Plaintiff states only that he believes "more extensive limitations" should be included in the RFC, still failing to specify the exact limitations he believes should be incorporated into the RFC. Obj. 7, ECF No. 21. The Magistrate Judge did not err in stating Plaintiff failed to specify a more restrictive RFC, and objection #5 is overruled.

Objection #4 contends the Magistrate Judge overemphasized Plaintiff's current employment and failed to account for Plaintiff's limitations at his current employment.

The Magistrate Judge stated that the ability to do part-time work may provide a basis for a finding that a claimant can do even more work, if the record supports that finding. R&R 9–10, ECF No. 20 (citing *Torres v. Comm'r of Social Sec.*, 490 F. App'x 748 (6th Cir. Jul. 31, 2012)). Plaintiff does not disagree with this proposition of law but rather with the Magistrate Judge's conclusions that Plaintiff is performing the part-time job at Little Caesar's at a greater exertional level than the level of work the ALJ

determined he was able to handle and that there is little evidence Plaintiff was following the more restrictive limitations imposed by Dr. Velury.

The ALJ determined Plaintiff had the RFC to perform sedentary work with additional limitations. The vocational expert testified at the administrative hearing that Plaintiff's part-time work at Little Caesar's constituted light exertional work. Hrg. Tr., PAGEID # 100, ECF No. 11-2. Thus, the Magistrate Judge did not, as Plaintiff asserts, merely conclude that Plaintiff was performing his job at a greater exertional level than the RFC permitted. The vocational expert testified to that fact.

Moreover, the Court agrees Plaintiff was not following the more restrictive limitations recommended by Dr. Velury as he performed his light work at Little Caesar's. Although Plaintiff stated that he took a half-hour break during his four-hour shifts, left work early about once a week, and elevated his feet upon returning home, Dr. Velury's opinion was that Plaintiff could not sit more than one hour at a time or stand for more than forty-five minutes at a time and that Plaintiff's legs should be elevated above his heart for seventy-five percent of an eight-hour workday. Ex. 18F, PAGEID # 673, ECF No. 11-9. Plaintiff testified he was able to complete his part-time job duties, which required him to be on his feet, Hrg. Tr., PAGEID # 100, ECF No. 11-2, and there is no indication he sat only for one hour at a time or stood for no longer than forty-five minutes at a time. Moreover, while Plaintiff stated he typically elevated his feet for three

or four hours in his recliner upon returning home from work, there is no indication he elevated his feet above heart level as recommended by Dr. Velury. *Id.* at PAGEID # 93. Finally, the fact that Plaintiff's hours performing light work were cut or his duties as manager were cut does not mean Plaintiff could not perform sedentary work with the additional restrictions established by the ALJ on a full-time basis.

Thus, the Magistrate Judge's conclusion that Plaintiff performed part-time work at the light exertional level without following the more restrictive portions of Dr. Velury's opinion is supported by the record, and Plaintiff's objection #4 is overruled.

In objection #7, Plaintiff argues the ALJ overstated his ADLs, and the Magistrate Judge failed to consider how the ALJ's overestimation affected the ALJ's RFC calculation. Plaintiff notes that although he did housework, he did housework only occasionally, did very little of it, and did it with his cousin's help.

The Court declines to consider this objection because Plaintiff did not argue it in his statement of specific errors. On pages seventeen and eighteen of his statement of specific errors, Plaintiff argued not that the ALJ overestimated his ADLs but rather that his ADLs and part time work were consistent with a more restrictive RFC than the one found by the ALJ.

Moreover, even if the Court considered the argument, it would fail. The ALJ did not overestimate Plaintiff's ADLs. The ALJ stated Plaintiff performed simple household chores, prepared simple meals, shopped independently, and

performed a part-time job at a light exertional level, which includes standing for up to four hours at a time and exposure to heat extremes. ALJ Dec. 8, PAGEID # 71, ECF No. 11-2. Those findings are supported by the record. A report of contact stated Plaintiff performed occasional housework while living with his mother such as washing dishes, cleaning his room, and occasionally cooking his own meals as well as driving and independently shopping for groceries. Ex. 5E, PAGEID # 257, ECF No. 11-6. Plaintiff testified at the administrative hearing that while living alone, he performs simple household chores such as washing dishes, vacuuming, and keeping the house clean. Hrg. Tr., PAGEID # 96, ECF No. 11-2. Although Plaintiff stated his cousin helped with tasks such as taking care of the dogs and packing firewood, the ALJ did not claim Plaintiff performed such tasks himself. *Id*. The ALJ thus did not overestimate Plaintiff's ADLs, and objection #7 would fail if the Court considered it.

In objection #6, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence. The Court disagrees. Upon *de novo* review of the record, the Court finds that each of the ALJ's conclusions—that medical evidence, ADLs, and opinion evidence support the RFC—are supported by substantial evidence.

With respect to the medical and opinion evidence, Plaintiff cites many exhibits that demonstrate Plaintiff's medical conditions, but "a diagnosis . . . does not automatically entitle [Plaintiff] to disability benefits . . . ." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). None of the medical reports or

opinions, save Dr. Velury's opinion (which the Court has already found was properly rejected), contain recommendations for limitations more restrictive than those in the RFC. Indeed, the other opinion evidence opined Plaintiff could perform medium-level work, but the ALJ gave those opinions limited weight and assessed a more restrictive RFC. Thus, although the medical and opinion evidence establish that Plaintiff suffers from physical impairments and associated symptoms, that evidence supports the RFC determination that Plaintiff is nonetheless capable of sedentary work with additional limitations.

The Court has already determined that substantial evidence supported the ALJ's characterization of Plaintiff's ADLs and further finds the ADLs support the RFC determination. The fact that Plaintiff can perform simple household chores and perform light work that requires him to stand for up to four hours at a time and exposes him to extreme heat supports the ALJ's RFC determination, which is that Plaintiff can perform *sedentary* work that requires him to stand for *two hours* in an eight-hour workday and limits him to only occasional exposure to cold or hot extremes. ALJ Dec. 5, PAGEID # 68, ECF No. 11-2; *Cunningham v. Astrue*, 360 F. App'x 606, 613–14 (6th Cir. 2010) (evidence of ADLs and past work experience constitute substantial evidence).

As each of the ALJ's reasons for the RFC was supported by substantial evidence, the Court overrules objection #6.

## III.     Objection 8

Plaintiff's final objection is that the Magistrate Judge failed to consider two of his arguments. On *de novo* review, the Court finds Plaintiff's arguments fail.

First, Plaintiff states he argued Dr. Velury may have kept "sparse" notes and may have transcribed the limitations only at the time he completed the form. Plaintiff contends the Magistrate Judge noted this argument but failed to consider it in detail.

Plaintiff's theory that Dr. Velury intended restrictions on Plaintiff's ability to sit and stand and require him to elevate his legs above heart level for 75% of an eight-hour workday but failed to incorporate them into any report even though he treated Plaintiff every three to six months since 2004 rests on mere speculation and the fact that Plaintiff testified his cardiologist told him to elevate his feet. Plaintiff never testified Dr. Velury told him to specifically elevate his feet above heart level for 75% of an eight-hour workday, and Plaintiff never testified Dr. Velury gave him limitations on standing or sitting. The Court presumes Dr. Velury's records contain the pertinent instructions and limitations, and the Court will not find otherwise based on the speculation that Dr. Velury could have intended additional limitations that he failed to transcribe.

Finally, Plaintiff argues the Court should combine the report of contact, which stated that Plaintiff did "occasional housework including the dishes occasionally" and that he did "cook his own meals occasionally," with the Symptoms Report wherein Plaintiff indicated he has "good days" and "bad days,"

Ex. 5E, PAGEID # 257, ECF No. 11-6; Ex. 4E, PAGEID # 254, ECF No. 11-6, and infer that Plaintiff was only able to complete the ADLs "occasionally," on his "good days," approximately four times per week. While that may be one supportable reading of the record, another supportable reading of the record is that Plaintiff had chest pain almost every day, the symptoms were severe approximately three days a week and not severe approximately four days a week, and that regardless of the chest pain, Plaintiff was able to perform a variety of ADLs. The ALJ's RFC is therefore supported by substantial evidence. *Cunningham*, 360 F. App'x at 612 ("If the Commissioner's decision is supported by substantial evidence, we must defer to that decision even if there is substantial evidence in the record that would have supported an opposite conclusion . . . .") (internal quotation marks and citation omitted). Plaintiff's final objection is overruled.

## IV. CONCLUSION

For the reasons stated above, the Court overrules Plaintiff's objections and adopts the R&R. The Clerk shall enter final judgment in favor of Defendant and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**